UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ALBERT DAWSON, JR. #2037491 | § | |
| | § | |
| v. | § | 6:16-CV-406-RP |
| | § | |
| LORIE DAVIS | § | |

**O R D E R**

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (#1) and Respondent's Answer (#8). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.  Background**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 77th District Court of Limestone County, Texas. On March 18, 2015, Petitioner was charged by indictment with forgery, enhanced to engaging in organized criminal activity, a third degree felony. SHCR (#9-3) at 4-6. Further, the State filed a separate Notice of Enhancement Allegations. *Id.* at 10-11. Petitioner pleaded guilty to the offense of engaging in organized criminal activity and, on November 6, 2015, the trial court sentenced him to twelve years of imprisonment pursuant to a plea bargain. *Id.* at 17-19. Petitioner did not file a direct appeal.

Petitioner did file two state applications for writ of habeas corpus, which were both executed on August 5, 2016. *See* SHCR (#9-3) at 64; (#9-4) at 17. Petitioner only challenged the Limestone

County conviction in the first application.[1] The Texas Court of Criminal Appeals denied the first application without written order on September 21, 2016. SHCR (#9-1). Petitioner filed this petition on October 6, 2016. Pet. (#1) at 10.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.  He was improperly sentenced to twelve years of imprisonment despite being indicted for a state jail felony.

2.  His counsel was ineffective for failing to challenge the use of his prior convictions, including a 24-year old prior conviction, as enhancements, research the law, or move to arrest the judgment.

Pet. (#1) at 6.

**C.    Exhaustion of State Court Remedies**

Respondent asserts that Petitioner has failed to exhaust at least some aspects of his claims.

**D.    Request for Evidentiary Hearing**

Petitioner asserts that his application for habeas relief raises factual questions, which have not been addressed by the state courts and that the state has failed to provide Petitioner with a full and fair hearing concerning his application. Petitioner concludes that he is entitled to an evidentiary hearing to resolve the factual questions left unresolved by the state courts.

## DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v.*

---

[1] The second application appears to relate to a conviction in Colorado County. *See generally* SHCR (#9-4).

*Richter*, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-

3

part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See*

4

28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

**B.     Exhaustion of Administrative Remedies**

A court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). Nothwithstanding Respondent's assertion that some aspects of Petitioner's claims are unexhausted, the Court finds that Petitioner's claims are without merit.

**C.     Evidentiary Hearing**

Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to plead any allegations that would entitle him to a hearing. He only asserts conclusory positions that he is entitled to a new punishment hearing, and that the state court factual determination was not supported by the record. Accordingly, Petitioner's request for an evidentiary hearing is denied.

**D. Guilty Plea**

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." *Id.* at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

To be valid, a guilty plea must be voluntary, knowing and intelligent. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." *Matthew v. Johnson*, 201 F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel. *Washington*, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the

plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam). Finally,

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970).

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Finally, a plea of "true" to an

enhancement paragraph waives any subsequent challenge to the validity of a prior conviction. *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995).

Petitioner pleaded guilty to the charge in his indictment and true to the enhancement paragraph provided in the State's Notice of Enhancement Allegations. *See* SHCR (#9-3) at 17-19. Petitioner has not alleged any specific facts showing he was not adequately informed of the nature of the charge against him prior to his guilty plea or his plea of true to the enhancement paragraph. Although Petitioner's claims indicate he believes he was only indicted for forgery, a state jail felony, the face of the indictment shows that he was indicted for forgery, enhanced to engaging in organized criminal activity, a third degree felony. *Id.* at 5-6. In addition, Petitioner signed extensive written admonishments stating that he waived his constitutional rights associated with a trial, including his right to appeal. *Id.* at 15–16, 21. Further, Petitioner's plea recommendation adequately informed him of the sentencing range for a second degree felony (based on Petitioner's plea of true to the enhancement paragraph) and that he would receive a sentence of twelve years of imprisonment by pleading guilty. *Id.* at 19. Lastly, the trial court certified the voluntariness of Petitioner's plea, his guilt, and his waivers, and accepted the plea bargain. *Id.* at 21.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. There is simply no evidence that Petitioner's plea was not voluntary, knowing and intelligent. Moreover, Petitioner's voluntary guilty plea effectively waives his claim that he was improperly sentenced to twelve years of imprisonment despite being indicted for a state jail felony, because he was not indicted for, nor did he plead guilty to, a state jail felony. Petitioner's guilty plea also effectively waives his claim that his counsel was ineffective for

failing to challenge the use of his prior convictions, research the law, or move to arrest the judgment. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief. In any event, even if Petitioner did not waive his claims based on his guilty plea, his claims are without merit, as explained below.

E.   **Offense Level and Sentence Enhancement Claims**

Petitioner claims that he was improperly sentenced to twelve years of imprisonment despite being charged with forgery, a state jail felony. He also contends that his sentencing range was improperly enhanced by his prior convictions, including one that was 24-years old.

Even if Petitioner had not waived his challenges to his offense level and enhancements by his guilty plea, his claims would still fail because his offense level and enhancements were an application of state law, not reviewable in a federal habeas corpus application. Whether an offense has been properly enhanced, or what prior crimes should count for enhancement purposes under Texas law, is solely a matter of state law and not cognizable in federal habeas corpus. *Rubino v. Lynaugh*, 845 F.2d 1266, 1271 (5th Cir. 1988) (citing *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982).

In addition, Petitioner provides no evidence that his enhancement was improper, even under state law. Petitioner's indictment did not charge him with the state jail felony of forgery. Instead it charged him with forgery *enhanced to engaging in organized criminal activity, a third degree felony*. SHCR (#9-3) at 5-6. Petitioner's complaint that a twelve-year sentence is improper for a state jail felony charge, while likely correct, is also wholly irrelevant to Petitioner's case where his charge was enhanced. Petitioner then pleaded true to the State's first enhancement paragraph in its Notice of Enhancement Allegations, enhancing his sentence to that of a second degree felony. *Id.* at 17-19. He

9

was then sentenced to twelve years of imprisonment, within the statutory range for a second degree felony. *Id.*; *see* TEX. PENAL CODE § 12.33. Contrary to Petitioner's assertion, there is no prohibition against using prior convictions simply because the conviction is 24-years old. *See id.* at § 12.42.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that his twelve-year sentence was improper.

**F.     Ineffective Assistance of Counsel Claims**

   1.     AEDPA Impact

Petitioner alleges his trial counsel was ineffective for failing to challenge the use of his prior convictions as enhancements, move to arrest the judgment, and research the law. Petitioner raised these same issues in his state habeas application and the TCCA rejected the merits of Petitioner's claims. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claims by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

   2.     Standard of Review

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 686-689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. *Id.* at 695-97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687.

### 3. Failure to Object to Petitioner's Convictions Used as Enhancements or File a Motion to Arrest the Judgment

Petitioner argues that his counsel was ineffective for failing to object to the use of his prior convictions to enhance his sentence and for failing to file a motion to arrest the judgment. Petitioner's allegations are conclusory and fail to explain how counsel's objections or motion would have altered the result of his proceeding. As explained above, Petitioner fails to present any evidence that his enhancements or sentence were improper under state law.

The Fifth Circuit has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). In addition, counsel is not required to file frivolous motions or make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). And accordingly, "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." *Id.* (citing *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995)). There is no evidence whatsoever that Petitioner's proposed objections or motion to arrest judgment would have been anything but frivolous.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel for his failure to object to the use of his prior convictions as enhancements or move to arrest the judgment.

4. Failure to Research the Law

Petitioner makes the conclusory allegation that his counsel was ineffective for failing to research the law in order to mitigate his sentence. Petitioner provides no evidence of what such research may have uncovered. Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross*, 694 F.2d at 1012. There is no indication in the record that counsel failed to research the law. In fact, it appears from the record that counsel succeeded in mitigating what could have been a 25-year minimum sentence, based on the State originally seeking to sentence Petitioner as a habitual offender. *See* SHCR (#9-3) at 10-11, 17-19 (showing that the State dropped the enhancement paragraph that would have subjected Petitioner to a sentence as a habitual offender). In any event, there is no evidence that any additional research would have yielded any legal avenue to mitigate Petitioner's sentence.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel for his failure to research the law.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on April 10, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE